IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES of AMERICA,                )<br>                                                                  )<br>                     Plaintiff,               )<br>                                                                  )<br>          v.                                                 )<br>                                                                  )<br>MARY E. MONIZ,                                )<br>                                                                  )<br>                     Defendant.           )<br>                                                                  ) | 8:04CR523<br><br>ORDER |

      This matter is before the court on defendant's request for an extension of time to file her "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody" (§ 2255)  (Filing No. 59).  The defendant must file her § 2255 motion before the statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") expires.  As amended by the AEDPA, 28 U.S.C. § 2255 imposes a one-year statute of limitations on § 2255 motions, stating in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> (1)  the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Absent a later triggering date under subsections (2) - (4) above, the one-year period for filing a §2255 motion in federal court begins to run on the date the challenged judgment becomes final, i.e., upon conclusion of direct review or at the end of the time for seeking such review.

Because neither party has filed a direct appeal, the defendant's judgment and conviction became final on or about August 15, 2005, when the time for filing a notice of appeal expired.  Therefore, unless defendant can indicate to the court why a later triggering date should be used for tolling the statute of limitations, the defendant must file her § 2255 motion by **August 15, 2006**.

SO ORDERED:

DATED this 10th day of July, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge
