IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CR523 |
| | ) | |
| v. | ) | |
| | ) | |
| MARY E. MONIZ, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant's, Mary Moniz, Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Filing No. 61).

**FACTUAL BACKGROUND**

A jury found Moniz guilty on Count I of the indictment charging her with assault with a dangerous weapon in violation of 18 U.S.C. § 113(a)(3), Count II of the indictment charging her with assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 113(a)(6) & 1153, and Count III of the indictment charging her with using a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). (Filing No. 44). Moniz was committed to the custody of the United States Bureau of Prisons for a term of 24 months on Counts I and II and 120 months on Count III to run consecutively to Counts I and II. (Filing No. 56). Neither party filed a direct appeal.

In her § 2255 motion Moniz alleges two claims: (1) that she received ineffective assistance of counsel at trial because her counsel advised her that if she took the stand counsel would request the court to remove him from the case and he advised her that he could get her less time than was offered in the proposed plea agreement if she went to trial; and (2) that she received ineffective assistance of counsel based on her attorney's

failure to file a notice of appeal in her case. After reviewing all of the parties submissions, for the reasons discussed below, Moniz's § 2255 motion is denied.

## DISCUSSION

Ineffective assistance of counsel claims are analyzed under the framework described in *Strickland v. Washington*, 466 U.S. 668 (1984). In other words, Moniz has the burden of proving: 1) deficient performance on behalf of counsel, demonstrated by her attorney's performance "below the minimum standards of professional competence;" and 2) prejudice, by showing a "reasonable probability that the result of the proceedings would have been different" had her attorney performed "competently." *Alaniz v. United States*, 351 F.3d 365, 367 (8th Cir. 2003) (citing *Strickland*, 466 U.S. at 690). A reasonable probability is one "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. To establish deficient performance on behalf of counsel, Moniz must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

**Claim One - Ineffective Assistance of Counsel at Trial**

In her first claim, Moniz argues that her defense counsel was ineffective for advising Moniz that if she took the stand he would request the court to remove him from the case and for advising Moniz to go to trial because he could "get less time than 7 years plea agreement. 2 years is what was advise." (Filing No. 61). The government counters that counsel's advice that Moniz not testify was proper as defense counsel advised her not to take the stand in the event that she would perjure herself. The government further contends that it was reasonable trial strategy for defense counsel to advise Moniz not to

take the stand since it was counsel's belief that her testimony would conflict with the defense set forth at trial. Furthermore, the government submitted an affidavit from defense counsel, Michael Hansen, stating that Moniz's claim that counsel advised her against the plea agreement was patently incorrect. (Filing No. 66-2).

With respect to Moniz's claim that counsel erred by not letting her testify, in Hansen's affidavit he states that "I did advise that [Moniz] should not take the stand and that if she did perjure herself, I would be obligated to not assist in that endeavor. I also advised her that her testimony was inconsistent with the defense we had agreed would be best." (Filing No. 66-2). The court agrees that this advice is not the product of ineffective assistance of counsel. As the government argues, counsel has a duty under the Nebraska Code of Professional Responsibility not to knowingly participate in the introduction of "false or perjured testimony." Ethical Code 7-26.

Furthermore, defense counsel's determination of what witnesses to call at trial is a matter of trial strategy. Indeed, the Eighth Circuit has explained that the decision not to call a witness is a "virtually unchallengeable" decision of trial strategy. *United States v. Staples*, 410 F. 3d 484, 489 (8th Cir. 2005); *see also United States v. Davidson*, 122 F.3d 531, 538 (8th Cir. 1997), *cert. denied*, 522 U.S. 1034,(1997) & 523 U.S. 1033 (1998).

Moniz has also not established how she was prejudiced by her failure to testify. Moniz has not set forth how her testimony would have changed the outcome of her trial. Therefore, based on this record, defense counsel was not ineffective for advising Moniz not to testify at trial.

With respect to Moniz's claim that counsel ineffectively advised her with regards to the plea agreement, Hansen's affidavit directly contradicts Moniz's allegation that he

3

encouraged her to go to trial. Hansen states that "Ms. Moniz was advised that the proposed plea agreement was the best offer possible." (Filing No. 66-2). Attached to the affidavit is a copy of the proposed plea agreement that Moniz signed and stated "I discussed this with my attorney Mike Hansen and I do not want this deal." *Id.* Moniz has not provided the court with any evidentiary basis for her allegation. In light of Hansen's affidavit, Moniz's bare assertion without more is insufficient to establish ineffective assistance of counsel.

**Claim Two - Ineffective Assistance of Counsel on Appeal**

In Moniz's second claim she alleges that she was "advised by attorney not to appeal, or was advised he wasn't appealing." (Filing No. 61). In response, Hansen states that Moniz is correct that she was advised by her attorney not to appeal, as he advised Moniz that if she exercised her right to appeal the government would cross appeal challenging the granting of the downward departure she was given by the court. Hansen states that after a full discussion of the issue, Moniz advised that she did not want counsel to file a notice of appeal challenging her conviction or sentence. (Filing No. 66-2).

The failure of an attorney to file an appeal "after being instructed to do so . . . constitutes ineffective assistance" even without a showing of prejudice or likely success on appeal as required for other § 2255 petitions. *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000).

Here, Moniz does not argue that defense counsel failed to file an appeal after being instructed to do so. Instead, she states that she was advised by her attorney not to appeal. Hansen explains the basis for this advice, and contends that Moniz ultimately agreed with

4

the advice and did not want to file an appeal. Because defense counsel did not disregard Moniz's direct instructions to file an appeal, this claim is denied.

IT IS ORDERED:

1. That the defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 61) is denied;

2. A separate Judgment will be entered; and

3. The Clerk of Court is directed to send a copy of this Memorandum and Order to the defendant at her last known address.

DATED this 23rd day of May, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge